ROBERT BEUCLER ET AL. *v.* MICHAEL J.
LLOYD ET AL.
(AC 24158)

Foti, Schaller and Berdon, Js.

Argued February 17—officially released July 6, 2004

*Scott R. McCarthy*, for the appellants (plaintiffs).

*Robert W. Smith*, for the appellees (defendants).

*Opinion*

BERDON, J. The plaintiffs, Robert Beucler and Lori Beucler, appeal from the judgment of the trial court accepting the report of the attorney fact finder and rendering judgment in favor of the defendants, Michael J. Lloyd and James Lloyd, doing business as J. M. Company. On appeal, the plaintiffs claim that the court improperly rendered judgment for the defendants on the basis of a notice requirement contained in the parties' construction contract that did not comport with the plaintiffs' warranty rights pursuant to the New Home Warranties Act, General Statutes § 47-116 et seq. We agree with the plaintiffs and reverse the judgment of the trial court.

The record reveals the following facts. On September 18, 1996, the plaintiffs and the defendants entered into a written contract for the construction of a residential home in Kent. The plaintiffs agreed to purchase a house to be built by the defendants. Under the terms of the contract, the plaintiffs agreed to "provide notice of any defects in writing to the [defendants] on or before the termination of the statutory One (1) year period. . . ."

The plaintiffs took possession of the house and obtained a warranty deed from the defendants on April 10, 1997. On April 13, 1998, the plaintiffs mailed a letter to the defendants informing them, inter alia, that the paint on the exterior of the house had begun to peel away. The plaintiffs brought this action, alleging, inter alia, breach of the express and implied new home warranties pursuant to General Statutes §§ 47-117 and 47-118 due to the paint peeling on the exterior of the house.

The defendants denied any breach of contract and alleged, by special defense, that the plaintiffs' claim was barred because they failed to provide written notice of the defect within one year of the taking of possession of the house, as required under the written contract. The matter was referred by the court, *DiPentima, J.*, to an attorney fact finder, J. Michael Sconyers (fact finder).

On April 24, 2002, the fact finder, after hearing evidence from the parties, issued his report. In the report, the fact finder concluded that the exterior painting on the house was not done in a workmanlike manner and that the defect occurred within one year of the plaintiffs' taking possession of the house. The fact finder found that the defendants failed to prove their special defense, and that written notice was not required under §§ 47-117 and 47-118. The fact finder recommended that judgment be rendered for the plaintiffs in the amount of $9500 plus prejudgment interest from September 7, 1999, in accordance with General Statutes § 37-3a. On May 10, 2002, the fact finder issued an amended report. The changes were not relevant to the issues raised on appeal.

The defendants objected to the acceptance of the report, claiming that the fact finder failed to find the contractual provision requiring written notice dispositive. On June 11, 2002, the court, *Walsh, J.*, sustained the defendants' objection to the acceptance of the report. The court found that the "fact finder erroneously failed to give effect to the notice requirement of the contract" because the "words in the contract requiring written notice do not *exclude* or *modify* any warranty. . . ." (Emphasis in original.) Accordingly, the court remanded the case to the fact finder for reconsideration in light of its opinion.

The fact finder, on December 30, 2002, issued an amended report, finding that the "plaintiffs did not com-

ply with the express provisions of the contract that required written notice to the defendants of any defective work within one year of the closing of title and taking possession. . . ." Therefore, the fact finder recommended that judgment should be rendered in favor of the defendants.

The plaintiffs filed an objection to the acceptance of the fact finder's December 30, 2002 report, claiming that written notice was not required under §§ 47-117 and 47-118.[1] The court, *Pickard, J.*, on April 9, 2003, rendered judgment in favor of the defendants in accordance with the findings and recommendation of the attorney fact finder. The plaintiffs now appeal.

"We begin by setting forth the applicable standards of review. Attorney [fact finders] are empowered to hear and decide issues of fact. *Spears* v. *Kerars Realty Co.*, 171 Conn. 699, 702–703, 372 A.2d 121 (1976). It is axiomatic that a reviewing authority may not substitute its findings for those of the trier of the facts. *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney [fact finder]. *Dills* v. *Enfield*, 210 Conn. 705, 713, 557 A.2d 517 (1989). *Romano* v. *Derby*, 42 Conn. App. 624, 626, 681 A.2d 387 (1996). Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the [attorney fact finder]. See *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 256, 524 A.2d 610 (1987)." (Internal quotation marks omitted.) *Villano*

[1] The plaintiffs also claimed that the fact finder failed to make any determination regarding their common-law breach of contract claim. The plaintiffs have not appealed from that part of the fact finder's report.

v. *Polimeni*, 54 Conn. App. 744, 747–48, 737 A.2d 950, cert. denied, 251 Conn. 908, 739 A.2d 264 (1999).

The plaintiffs challenge the legal conclusion of the fact finder that they "did not comply with the express provisions of the contract that required written notice to the defendants of any defective work within one year of the closing of title and taking possession. . . ." The plaintiffs do not dispute that under the terms of the contract, they were required to provide the defendants with written notice of any defects within one year of the closing of title or the taking of possession of the house. Rather, it is the plaintiffs' claim that notwithstanding that failure to give such notice, they are entitled to recovery under the express and implied warranty provisions of §§ 47-117 and 47-118.

Neither party disputes that express and implied warranties are created under §§ 47-117 and 47-118. Section 47-117, entitled "Express warranties," provides in relevant part that when "[a]ny written affirmation of fact or promise which relates to the improvement and is made a part of the basis of the bargain between the vendor and the purchaser shall create an express warranty that the improvement conforms to such affirmation or promise . . . ."[2] Under the terms of the contract that the plaintiffs entered into with the defendants, the defendants expressly warranted "that all material will be new and free of defects and that all work shall be done in a good and workmanlike manner and in conformity with the building code of the town of Kent . . . ."

Section 47-118, entitled "Implied warranties," provides in relevant part: "In every sale of an improvement by a vendor to a purchaser . . . warranties are implied

[2] General Statutes § 47-116 defines an improvement, in relevant part, as "any newly constructed single family dwelling unit . . . ."

that the improvement is . . . [f]ree from faulty materials [and] constructed in a workmanlike manner . . . ."

There is no dispute between the parties that the express and implied warranties created under §§ 47-117 and 47-118 terminate one year after the delivery of the deed to the purchaser or one year after the purchaser takes possession of the house, whichever comes first. In this case, the delivery of the deed and the date the plaintiffs took possession of the house occurred on April 10, 1997. Therefore, the express and implied warranties created under §§ 47-117 and 47-118 terminated on April 10, 1998.

The plaintiffs' claim involves the interrelationship of the contract notice provision, and the express and implied warranties provided by §§ 47-117 and 47-118. The express terms of the contract provided that the defendants were not liable for those defects in which written notice was not given *within* one year of the delivery of the deed or the taking of possession of the house. Under the terms of the contract, the plaintiffs agreed to "provide notice of any defects in writing to the [defendants] on or before the termination of the statutory One (1) year period. [The defendants'] liability shall not extend beyond those items for which notice is given, *except as otherwise provided by the [General] Statutes.* . . ." (Emphasis added.)

The plain language of both §§ 47-117 and 47-118 expressly provides that no words in the contract of sale shall work to exclude or to modify any warranties created under the statutes unless there is a *separate* agreement on the exclusion or modification.[3] In this

---

[3] General Statutes § 47-117 (c) provides: "No words in the contract of sale or the deed, nor merger of the contract of sale into such deed shall exclude or modify any express warranty made pursuant to subsection (a) of this section. Such warranty may, at any time after the execution of the contract of sale, be excluded or modified wholly or partially by any written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to such exclusion or modification and the terms of the new agreement."

case, the warranty provision in the contract requiring written notice clearly modifies the express and implied warranties created under §§ 47-117 and 47-118. Under §§ 47-117 and 47-118, a purchaser of a new home is given a warranty for defects that occur within a full year from the delivery of the deed or taking possession of the house. Requiring the plaintiffs to provide written notice of any defects within one year of the delivery of the deed or the taking of possession of the house would deprive the plaintiffs of the full benefit of the warranties created by §§ 47-117 and 47-118.

In *Cashman* v. *Calvo*, 196 Conn. 509, 493 A.2d 891 (1985), our Supreme Court rejected a claim that a party has one year from the date of the delivery of the deed or the taking of possession of the house to commence an action. In holding that the one year period from the delivery of the deed or the taking of possession of the house is a limitation within which the defect must arise and not a limitation on when an action can be brought, our Supreme Court stated: "It would be inconsistent with the one year duration of the warranties provided by [§ 47-118 (e)] to require that a suit for breach thereof be commenced within the same period. Even where the utmost diligence is exercised, some time must inevitably lapse between the accrual of a cause of action and its commencement by service of papers." Id., 512–13.

Similarly, there must be a period of time allowed after the termination of the express and implied warranties in which a purchaser can provide written notice of a defect

General Statutes § 47-118 (d) provides: "Neither words in the contract of sale, nor the deed, nor merger of the contract of sale into the deed is effective to exclude or modify any implied warranty; provided, if the contract of sale pertains to an improvement then completed, an implied warranty may be excluded or modified wholly or partially by a written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to exclusion or modification, and the terms of the new agreement with respect to it."

to the contractor. If no period of time were allowed after the termination of the warranties, a purchaser who first learns of a defect in the closing hours or days of the warranty period would not be able to recover, thereby modifying the terms of §§ 47-117 and 47-118 by limiting the one year warranty period.

Accordingly, because the written notice provision of the contract modified the warranties established in §§ 47-117 and 47-118 by essentially limiting the length of the warranties, we find the notice provision in the contract to be inoperative because the modification was not the subject of a written instrument signed by the purchaser after the original contract was executed, as required by §§ 47-117 (c) and 47-118 (d). The court improperly accepted the recommendation of the attorney fact finder in his December 30, 2002 report.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the plaintiffs in accordance with the fact finder's May 10, 2002 report and for such other proceedings as may be necessary.[4]

In this opinion the other judges concurred.

---

[4] In their amended complaint, the plaintiffs also brought a claim against the defendants for the alleged violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., which the court did not address as a result of its decision that the plaintiffs were barred from bringing a claim against the defendants because they failed to provide written notice to them of the defect within one year of taking possession of their house.