ROBERT BEUCLER ET AL. *v.* MICHAEL J.
LLOYD ET AL.
(SC 17260)

Sullivan, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued March 10—officially released April 26, 2005

*Robert W. Smith*, for the appellants (defendants).

*Scott R. McCarthy*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendants, Michael J. Lloyd and James Lloyd, doing business as J.M. Company, appeal, following our grant of certification, from the judgment of the Appellate Court reversing the judgment of the trial court in favor of the plaintiffs, Robert Beucler and Lori Beucler. See *Beucler* v. *Lloyd*, 83 Conn. App. 731, 733, 851 A.2d 358 (2004). The Appellate Court concluded that the written notice provision of the construction contract between the plaintiffs and the defendants modified the warranties created by General Statutes §§ 47-117[1] and

---

[1] General Statutes § 47-117 provides: "(a) Express warranties by a vendor are created as follows: (1) Any written affirmation of fact or promise which relates to the improvement and is made a part of the basis of the bargain between the vendor and the purchaser shall create an express warranty that the improvement conforms to such affirmation or promise; (2) any written description of the improvement, including plans and specifications thereof which is made a part of the basis of the bargain between the vendor and the purchaser shall create an express warranty that the improvement conforms to such description; and (3) any sample or model which is made a part of the basis of the bargain between the vendor and the purchaser shall create an express warranty that the improvement conforms substantially to such sample or model.

"(b) No formal words, such as 'warranty' or 'guarantee', nor any specific intention to make a warranty shall be necessary to create an express warranty, provided a simple affirmation of the value of the improvement or a statement purporting to be an opinion or commendation of the improvement shall not of itself create such a warranty.

"(c) No words in the contract of sale or the deed, nor merger of the contract of sale into such deed shall exclude or modify any express warranty made pursuant to subsection (a) of this section. Such warranty may, at any time after the execution of the contract of sale, be excluded or modified wholly or partially by any written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to such exclusion or modification and the terms of the new agreement.

"(d) An express warranty shall terminate: (1) In the case of an improvement completed at the time of the delivery of the deed to the purchaser, one year after the delivery or one year after the taking of possession by the

47-118[2] and, therefore, was inoperative. *Beucler* v. *Lloyd*, supra, 739. Accordingly, the defendants were not entitled to raise the plaintiffs' failure to comply with the notice provision as a special defense to the plaintiffs' action alleging, inter alia, breach of contract and breach of the express and implied new home warranties created by §§ 47-117 and 47-118. We granted the defendants' petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the notice requirement in the parties' con-

purchaser, whichever occurs first; and (2) in the case of an improvement not completed at the time of delivery of the deed to the purchaser, one year after the date of the completion or one year after taking of possession by the purchaser, whichever occurs first."

[2] General Statutes § 47-118 provides: "(a) In every sale of an improvement by a vendor to a purchaser, except as provided in subsection (b) of this section or excluded or modified pursuant to subsection (d), warranties are implied that the improvement is: (1) Free from faulty materials; (2) constructed according to sound engineering standards; (3) constructed in a workmanlike manner, and (4) fit for habitation, at the time of the delivery of the deed to a completed improvement, or at the time of completion of an improvement not completed when the deed is delivered.

"(b) The implied warranties of subsection (a) of this section shall not apply to any condition that an inspection of the premises would reveal to a reasonably diligent purchaser at the time the contract is signed.

"(c) If the purchaser, expressly or by implication, makes known to the vendor the particular purpose for which the improvement is required, and it appears that the purchaser relies on the vendor's skill and judgment, there is an implied warranty that the improvement is reasonably fit for the purpose.

"(d) Neither words in the contract of sale, nor the deed, nor merger of the contract of sale into the deed is effective to exclude or modify any implied warranty; provided, if the contract of sale pertains to an improvement then completed, an implied warranty may be excluded or modified wholly or partially by a written instrument, signed by the purchaser, setting forth in detail the warranty to be excluded or modified, the consent of the purchaser to exclusion or modification, and the terms of the new agreement with respect to it.

"(e) The implied warranties created in this section shall terminate: (1) In the case of an improvement completed at the time of the delivery of the deed to the purchaser, one year after the delivery or one year after the taking of possession by the purchaser, whichever occurs first; and (2) in the case of an improvement not completed at the time of delivery of the deed to the purchaser, one year after the date of the completion or one year after taking of possession by the purchaser, whichever occurs first."

struction contract did not comport with the plaintiffs' warranty rights under the New Home Warranties Act, General Statutes § 47-116 et seq.?" *Beucler* v. *Lloyd,* 271 Conn. 913, 913–14, 859 A.2d 567 (2004).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.