******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SILVER HILL HOSPITAL, INC. *v.* DAWN KESSLER
## (AC 42545)

Alvord, Elgo and Pellegrino, Js.

*Syllabus*

The plaintiff hospital sought to recover damages in connection with unpaid medical services that it provided to the defendant. The hospital billed Medicare for payment, which initially paid the entire balance. Subsequently, Medicare rescinded coverage for a portion of the services after discovering that the defendant had workers' compensation coverage for a portion of those medical expenses. The hospital informed the defendant of this development and asked the defendant to contact Medicare to resolve the coverage dispute. The defendant refused to contact Medicare and did not submit payment for the remaining balance to the hospital. Thereafter, the matter was referred to an attorney fact finder, who issued his report, finding that the defendant owed a balance to the plaintiff and that the defendant failed to prove her special defense of non compos mentis. The trial court overruled the defendant's objection to the fact finder's report and rendered judgment for the plaintiff. On appeal, the defendant claimed, inter alia, that the fact finder's conclusions were not based on evidence presented at trial. *Held*:

1. The defendant's claim that the fact finder's conclusions were not based on evidence presented at trial was unavailing, as there was adequate support in the record for the findings of fact reached by the fact finder; the record contained sufficient evidence for the fact finder to conclude that the plaintiff provided medical services to the defendant, that the defendant owed a balance for the services rendered, and that the defendant had not paid the balance and, therefore, the fact finder's findings were based on evidence presented at trial and were consistent with the applicable rule of practice (§ 19-8).

2. The defendant's claim that the fact finder improperly failed to consider her contention that the plaintiff had a duty to contact Medicare to resolve the coverage issue was unavailing, as the defendant's pleadings did not provide a legal framework from which the fact finder could properly assess whether it was the plaintiff's duty to resolve the coordination of benefits issues; the failure to perform a contractual or legal duty must be alleged as a special defense, and as there was no such special defense properly before the fact finder, the fact finder had no obligation to consider evidence not relevant to the legal issues before it.

3. The trial court properly denied the defendant's objections to the fact finder's report, as there were sufficient subordinate facts contained in the record for the fact finder's recommendations, and there was no legal framework for the fact finder or the trial court to determine whether the plaintiff failed to perform a contractual or legal duty; the fact finder was not required to determine whether the plaintiff had a duty to dispute Medicare's claim that its liability was secondary, and the trial court appropriately declined to do so as well.

4. This court declined to review the defendant's claim that a certain hospital debt collection statute (§ 19a-673d) compelled judgment in favor of the defendant, as the record revealed that § 19a-673d did not appear in the operative pleadings; although the defendant originally pleaded a different statute (§ 19a-673) concerning collections by hospitals from uninsured patients as a special defense, that special defense was ultimately stricken, the defense was not repleaded, and it was not distinctly raised before the fact finder.

Argued May 15—officially released October 13, 2020

*Procedural History*

Action to recover damages for unpaid medical services, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the matter was referred to Joseph DaSilva, attorney fact

finder, who filed a report recommending judgment for the plaintiff; thereafter, the court, *Hon. A. William Mottolese*, judge trial referee, overruled the defendant's objection to the acceptance of the report and rendered judgment in accordance with the fact finder's report, from which the defendant appealed to this court. *Affirmed.*

*James T. Baldwin*, for the appellant (defendant).

*Patrick M. Fahey*, with whom, on the brief, was *Michael G. Chase*, for the appellee (plaintiff).

*Opinion*

ELGO, J. The defendant, Dawn Kessler, appeals from the judgment of the trial court, rendered following a trial before an attorney fact finder, in favor of the plaintiff, Silver Hill Hospital, Inc., on the plaintiff's complaint in the amount of $17,087.15. On appeal, the defendant claims that (1) the fact finder's conclusions were not based on evidence presented at trial, (2) the fact finder failed to consider the issue of whether the plaintiff was responsible for resolving a coverage dispute issue with Medicare, (3) the court improperly denied her objections to the fact finder's report, and (4) General Statutes § 19a-673d operates as a statutory bar to the plaintiff's debt collection action. We affirm the judgment of the trial court.

This case concerns a dispute over payment for medical services. The record reflects, and the parties do not dispute, that the plaintiff provided inpatient and outpatient services to the defendant from April 22 to June 6, 2014. The plaintiff's charges for those services totaled $59,291.50. The plaintiff billed Medicare,[1] which initially paid the entire sum. Medicare subsequently informed the plaintiff that, according to its records, the defendant had workers' compensation coverage for a portion of those medical expenses. On November 2, 2016, Medicare rescinded coverage for certain services and the plaintiff thereafter returned $17,087.15 to Medicare.

The defendant, as well as her son and her daughter-in-law, were informed of this development and were asked to contact Medicare to resolve the coverage dispute. The plaintiff's witness, Shakia Whitehurst, senior financial counselor for the plaintiff, testified at trial that the defendant refused to contact Medicare to resolve the coordination of benefits issue. In her testimony, the defendant acknowledged that she had not submitted any payment to the plaintiff.[2]

On May 1, 2017, the plaintiff commenced the underlying action to collect unpaid expenses for services provided to the defendant. In its complaint, the plaintiff alleged that it furnished medical services to the defendant from April 22 to June 5, 2014, and that the plaintiff submitted bills to the defendant totaling $59,291.50. By way of relief, the plaintiff sought the unpaid balance of $17,087.15.

On July 31, 2017, the defendant filed an answer in which she admitted that the plaintiff rendered the services in question but denied owing the unpaid balance. In addition to her answer, the defendant asserted eight special defenses including, inter alia, non compos mentis.[3] Each special defense contained a single conclusory sentence with no supporting factual allegations.

On August 3, 2017, the plaintiff moved to strike all of the special defenses due to the defendant's alleged

failure to plead sufficient facts. The court subsequently granted the motion to strike all of the defendant's special defenses except the non compos mentis defense. The defendant thereafter filed a revised answer and asserted the sole special defense of non compos mentis.

Pursuant to Practice Book § 23-53, the matter was referred to an attorney fact finder, Joseph DaSilva, who presided over a one day trial on July 13, 2018. On October 9, 2018, the fact finder issued his report, in which he found that (1) the defendant owed a balance of $17,087.15 to the plaintiff and (2) the defendant failed to prove the sole special defense of non compos mentis. The fact finder therefore recommended that judgment should enter in favor of the plaintiff.

On October 25, 2018, after the fact finder had submitted his report to the trial court, the defendant filed an objection to the findings of fact, arguing, in part, that the fact finder failed to address the issue of whether it was the plaintiff's responsibility to dispute the coverage issue with Medicare and that unspecified "federal code and regulations" prohibited the plaintiff from collecting from the defendant. Because that objection injected legal issues, which had not been raised in the pleadings or the fact finder's report, the court requested that the plaintiff file a memorandum of law addressing those issues. The court thereafter overruled the defendant's objection, concluding that because those issues were not raised in the pleadings, the fact finder had appropriately confined his analysis to the sole special defense raised by the defendant. The court thus rendered judgment in favor of the plaintiff, and this appeal followed.

Before considering the specific claims raised in this appeal, we begin by noting the applicable standard of review. "Attorney fact finders are empowered to hear and decide issues of fact on contract actions pending in the Superior Court . . . . On appeal, [o]ur function . . . is not to examine the record to see if the trier of fact could have reached a contrary conclusion. . . . Rather, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation

marks omitted.) *Walpole Woodworkers, Inc.* v. *Manning,* 126 Conn. App. 94, 98–99, 11 A.3d 165 (2011), aff'd, 307 Conn. 582, 57 A.3d 730 (2012).

"[B]ecause the attorney [fact finder] does not have the powers of a court and is simply a fact finder, [a]ny legal conclusions reached by an attorney [fact finder] have no conclusive effect. . . . The reviewing court is the effective arbiter of the law and the legal opinions of [an attorney fact finder], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." (Internal quotation marks omitted.) Id., 99. When the trial court reviews the findings of fact, "[the] reviewing authority may not substitute its findings for those of the trier of the facts." *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). A trial court "may not retry a case or pass judgment on the credibility of witnesses, [and] must review the [fact finder's] entire report to determine whether the recommendations contained in it are supported by findings of fact in the report." (Internal quotation marks omitted.) *LPP Mortgage, Ltd.* v. *Lynch*, 122 Conn. App. 686, 692, 1 A.3d 157 (2010). "The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney [fact finder]." (Internal quotation marks omitted.) *Beucler* v. *Lloyd*, 83 Conn. App. 731, 735, 851 A.2d 358 (2004), appeal dismissed, 273 Conn. 475, 870 A.2d 468 (2005). With those principles in mind, we turn to the claims presented in this appeal.

I

We begin with the defendant's claim that the fact finder's conclusions were not based on evidence presented at trial. The defendant contends that the fact finder failed to make reference to the witnesses or the exhibits submitted at trial, and that the subordinate facts do not support the conclusions made. We disagree.

Contrary to the contention of the defendant, there is adequate support in the record for the findings of fact reached by the fact finder. The law requires that we determine whether the findings " 'are supported by the evidence,' " not whether the fact finder could have reached a contrary conclusion. *Walpole Woodworkers, Inc.* v. *Manning*, supra, 126 Conn. App. 99. The record before us contains sufficient evidence for the fact finder to conclude that the plaintiff provided inpatient and outpatient medical services to the defendant, that the defendant owes a balance of $17,087.15 for the services rendered, and that the defendant has not paid that balance. We, therefore, conclude that the fact finder's findings were based on evidence presented at trial and consistent with the requirements of Practice Book § 19-8.

## II

The defendant also claims that the fact finder improperly failed to consider the defendant's belated contention, which was not raised in the operative pleadings, that the plaintiff had a duty to contact Medicare to resolve the coverage issue. We disagree.

"It is indisputable that the pleadings establish the framework of any legal action." *Commerce Park Associates, LLC* v. *Robbins*, 193 Conn. App. 697, 731, 220 A.3d 86 (2019), cert. denied sub nom. *Robbins Eye Center, P.C.* v. *Commerce Park Associates, LLC*, 334 Conn. 912, 221 A.3d 447 (2020), and cert. denied sub nom. *Robbins Eye Center, P.C.* v. *Commerce Park Associates, LLC*, 334 Conn. 912, 221 A.3d 448 (2020) . For that reason, "[t]he court is not permitted to decide issues outside of those raised in the pleadings." *Yellow Page Consultants, Inc.* v. *Omni Home Health Services, Inc.*, 59 Conn. App. 194, 200, 756 A.2d 309 (2000). Further, "[o]nce the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Internal quotation marks omitted.) *Kelley* v. *Tomas*, 66 Conn. App. 146, 160–61, 783 A.2d 1226 (2001).

A party cannot ask a fact finder to find facts related to a specific legal theory unanchored by the pleadings. As the court aptly stated during the hearing on the objection to the findings of fact, a fact finder does not find facts in a vacuum. As such, the fact finder could find facts only within the legal framework as articulated by the pleadings. At the time the fact finder considered the pleadings, the only special defense properly before him was non compos mentis.[4] Notwithstanding this deficiency, the defendant asserts that it was nevertheless appropriate to assert her legal theory as a general denial, and, accordingly, the fact finder should have considered this defense.[5] The defendant's claim that it was the plaintiff's responsibility to process the denial of benefits or that the plaintiff was statutorily barred from collecting may not, however, be subsumed under a general denial. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." *Bennett* v. *Automobile Ins. Co. of Hartford*, 230 Conn. 795, 802, 646 A.2d 806 (1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id.; see also Practice Book § 10-50. "A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact. . . . If, however, a party seeks the admis-

sion of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the 'new matter' must be affirmatively pleaded as a special defense." (Citations omitted.) *Pawlinski* v. *Allstate Ins. Co.*, 165 Conn. 1, 6, 327 A.2d 583 (1973). Here, the defendant raised a theory of defense that is not inconsistent with the plaintiff's prima facie case and, instead, purports to statutorily bar the plaintiff from collecting its fees. Because that claim would theoretically destroy the cause of action, the defendant was required to specially plead this defense.

Without a properly pleaded special defense alerting the plaintiff and the fact finder of this claim, the fact finder had no obligation to consider evidence not relevant to the legal issues before it. In the absence of a special defense, evidence purportedly in support of the claim that the defendant insists the fact finder should have considered is simply irrelevant.

In the present case, the defendant's pleadings did not provide a legal framework from which the fact finder could properly assess whether it was the plaintiff's duty to resolve the coordination of benefits issues. The court correctly noted that the essence of the defendant's defense is that the plaintiff failed to perform a contractual or legally mandated duty. A failure to perform a contractual or legal duty must be alleged as a special defense, and there was no such special defense properly before the fact finder. See *DuBose* v. *Carabetta*, 161 Conn. 254, 260, 287 A.2d 357 (1971). For that reason, the defendant's claim fails.

### III

We next address the defendant's claim that the court improperly denied her objections to the fact finder's report. As we have noted, our review is limited to whether the trial court's legal conclusions are legally and logically correct and whether they find support in the facts set out in the memorandum of decision. See *Walpole Woodworkers, Inc.* v. *Manning*, supra, 126 Conn. App. 98–99.

A trial court reviewing the findings of a fact finder is limited by the record presented.[6] A reviewing court may not substitute its findings for those of the fact finder or make credibility determinations of witnesses. See *LPP Mortgage, Ltd.* v. *Lynch*, supra, 122 Conn. App. 692; *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, supra, 20 Conn. App. 423.

In the present case, the record before the court included only those claims asserted in the pleadings before the fact finder. After the court thoroughly reviewed the record to determine whether the pleadings supported the legal claims advanced by the defendant, the court concluded that the defendant's objection to the findings of fact raised a new legal issue that was not raised by the pleadings.[7] The court then asked the

plaintiff to file a memorandum of law addressing that issue. After a hearing, the court again determined that "the fact finder did not address the issue because it was not raised by the pleadings."

In this case, there were sufficient subordinate facts contained in the record for the fact finder's recommendations, and no legal framework for the fact finder or the trial court to determine whether the plaintiff failed to perform a contractual or legal duty. The fact finder was not required to determine whether the plaintiff had a duty to dispute Medicare's claim that its liability was secondary, and the trial court appropriately declined to do so as well.[8] Accordingly, the court properly denied the defendant's objections to the fact finder's report.

IV

As a final matter, the defendant insists that § 19a-673d[9] compels judgment for the defendant, even at this belated stage in the proceedings. The plaintiff responds that because the defendant did not preserve this claim in the proceedings at trial and now raises it for the first time on appeal, we should decline to review it. We agree with the plaintiff.

"We repeatedly have held that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . . [A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court." (Citations omitted; internal quotation marks omitted.) *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 619–20, 99 A.3d 1079 (2014); see also Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial"). "[B]ecause our review is limited to matters in the record, we will not address issues not decided by the trial court." (Internal quotation marks omitted.) *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 27–28, 901 A.2d 649 (2006).

Our review of the record reveals that § 19a-673d does not appear anywhere in the operative pleadings. Although the defendant originally pleaded General Statutes § 19a-673—a separate statute—as a special defense, that special defense was ultimately stricken and the defense was not repleaded.[10] Section 19a-673d was not raised in the operative pleadings, and it is notably absent from the defendant's objection to the findings of fact and was never raised before the court. Because that issue was not distinctly raised before the fact finder, we decline to review it on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "Medicare is the federal government's health-insurance program for the elderly. See Medicare Act (Title XVIII of the Social Security Act), 42 U.S.C.

§ 1395 et seq." *Connecticut Dept. of Social Services* v. *Leavitt*, 428 F.3d 138, 141 (2d Cir. 2005).

[2] There was substantial disagreement at trial regarding how, and to what extent, the defendant was informed of the issue as well as who was responsible for calling Medicare in order to dispute coverage. Because these disputes did not relate to any special defense properly before the fact finder, they were irrelevant and were appropriately not resolved by the fact finder. See part II of this opinion.

[3] Non compos mentis is a common law contract defense of incapacity that examines "whether at the time of [execution of the instrument the maker] possessed understanding sufficient to comprehend the nature, extent and consequence[s]" of the transaction. (Internal quotation marks omitted.) *Nichols* v. *Nichols*, 79 Conn. 644, 657, 66 A. 161 (1907).

[4] The defendant stressed both in her appellate brief and in her objection to the findings of facts that she "expressly asked the fact finder to address in his findings whether or not the plaintiff made any efforts to dispute Medicare's claim that its liability was secondary . . . ." At the same time, the defendant repeatedly made vague references in the proceedings at trial to "federal code and regulations" that allegedly barred the plaintiff from collecting. These codes and regulations are not specified anywhere in the defendant's brief on appeal or in the record before us and were never asserted in the defendant's stricken special defenses. Moreover, we reiterate that the defendant's brief on appeal relies heavily on the effect of § 19a-673d, which appears nowhere in the record, even though the defense originally stricken referenced General Statutes § 19a-673 and the authority argued to the court were limited to allusions to "federal code and regulations."

[5] In her appellate brief, the defendant states that, "[i]nsofar as these special defenses were stricken by the court, the defendant was left to assert these claims in the form of a general denial and present evidence at trial in support of them." The defendant has provided no legal authority for that proposition. On the contrary, our rules of practice allow a litigant to replead to cure the deficiencies or to seek judgment on the pleadings and to appeal the court's ruling. See Practice Book § 10-44; *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 551 n.4, 427 A.2d 822 (1980) (motion to strike granted on ground that complaint lacked essential allegation does not preclude plaintiff from restating cause of action by supplying essential allegation). Rather than cure the deficiencies in the legal claims asserted by pleading facts to support them, which was the basis for the motion to strike, the defendant elected to plead over only the non compos mentis defense.

[6] Our rules of practice provide the trial court with six distinct options after reviewing the findings of facts and hearing any objections to the report of an attorney fact finder. The trial court is permitted to "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate." Practice Book § 23-58.

[7] As the court explained to the defendant, "I looked high and low for a special defense that—that framed that issue. . . . He has to base the facts on some law and you didn't provide him with any law. I looked. I searched high and low. . . . I certainly expected you to have cited some federal U.S. Code that requires that to be done, something like that, but there's absolutely nothing in the record on that."

[8] The defendant also argues that "[t]he trial court's denial of the defendant's objection to the findings of fact on the basis that these were not properly pled is . . . contrary to the court's ruling on the defendant's request to file a motion for summary judgement." Shortly before the scheduled trial, the defendant requested permission to file a motion for summary judgment. In denying the motion, the court stated that "[t]his is without prejudice to the parties' right to request time to brief any legal defenses or issues they wish to assert as a part of the normal trial and adjudication process." Contrary to the defendant's assertions, that remark did not constitute permission to assert defenses outside of the normal judicial process.

[9] General Statutes § 19a-673d provides in relevant part: "If, at any point in the debt collection process, whether before or after the entry of judgment,

a hospital . . . becomes aware that a debtor from whom the hospital is seeking payment for services rendered receives information that the debtor is eligible for hospital bed funds, free or reduced price hospital services, or any other program which would result in the elimination of liability for the debt or reduction in the amount of such liability, the hospital . . . shall promptly discontinue collection efforts and refer the collection file to the hospital for determination of such eligibility. The collection effort shall not resume until such determination is made.''

[10] In the initial statement of issues in her principal appellate brief, the defendant also claimed that the court improperly granted the plaintiff's motion to strike the defendant's special defense alleging that the plaintiff was barred from pursuing collection pursuant to § 19a-673d. She thereafter failed to brief that issue in any manner in the brief submitted to this court.

For multiple reasons, that contention is improper. First, we note that the stricken special defense did not reference § 19a-673d, but rather pleaded a violation of § 19a-673, an entirely different statutory provision. Second, the defendant did not preserve that claim before either the attorney fact finder or the trial court and instead has raised the applicability of § 19a-673d for the first time in this appeal. Third, to the extent that the defendant in her statement of issues challenges the propriety of the court's granting of the motion to strike, she has offered no analysis whatsoever of that issue in her appellate brief, rendering that claim inadequately briefed. Accordingly, we decline to review that claim. See, e.g., *Solek* v. *Commissioner of Correction*, 107 Conn. App. 473, 480, 946 A.2d 239 (''[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned.'' (Internal quotation marks omitted.)), cert. denied, 289 Conn. 902, 957 A.2d 873 (2008).