******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BUDLONG & BUDLONG, LLC v. ANGHAM ZAKKO
## (AC 44374)

Cradle, Clark and Bishop, Js.

*Syllabus*

The plaintiff law firm sought to recover damages from the defendant for, inter alia, breach of contract in connection with its representation of the defendant. The matter was referred to an attorney fact finder, who filed a report recommending judgment for the plaintiff on the complaint. The trial court overruled the defendant's objection to the report of the attorney fact finder and rendered judgment in accordance with it. Two exhibits, a retainer agreement and a bill for services, were considered by the attorney fact finder, but were not reviewed by the court, as they were reported missing from the clerk's office. The defendant appealed to this court, claiming that the court improperly overruled her objection to the attorney fact finder's report and improperly rendered judgment in accordance with the attorney fact finder's report because the report contained insufficient factual findings. *Held*:

1. The trial court improperly overruled the defendant's objection to the attorney fact finder's report because the court failed to review all of the evidence considered by the attorney fact finder: a court, on reviewing a report of an attorney fact finder, must assess all of the evidence that was presented to the attorney fact finder in order to properly consider objections challenging the report, and, here, the court could not adequately assess the defendant's claims that the billing was excessive and that the quantum of work claimed by the plaintiff did not correlate to the claimed time expended without reviewing the retainer agreement and billing record entered as exhibits before the attorney fact finder; moreover, faced with the fact that these exhibits were missing from the record, it would have been appropriate for the court to remand the case to the attorney fact finder or to have taken any other action it deemed appropriate pursuant to the relevant rule of practice (§ 23-58 (a)).

2. The trial court improperly rendered judgment in accordance with the report of the attorney fact finder because it was not supported by sufficient factual findings: the minimal report's conclusion that the defendant owed the plaintiff a certain amount of money was not supported by the sole factual finding that the plaintiff's representation of the defendant was partially successful, its statement that exhibits were entered into evidence by the plaintiff did not constitute a finding as to the content of those documents, and it did not provide an adequate factual underlayment for the court's ultimate determination to accept it, falling below the bare minimum necessary for the court appropriately to render judgment; moreover, contrary to the plaintiff's assertion, this claim was properly preserved for appellate review, as in her objection to the report, the defendant, a self-represented party, specifically claimed that the report's conclusions were not properly reached on the basis of various separate grounds and, at the hearing on her objection, the defendant repeatedly advanced the same arguments that the report's conclusions were unsupported.

Argued March 7—officially released July 19, 2022

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the matter was referred to *Harold M. Levy*, attorney fact finder, who recommended judgment for the plaintiff on the complaint; thereafter, the court, *M. Taylor, J.*, overruled the defendant's objection to the report and rendered judgment in accordance with the report, from which the defendant appealed to this court. *Reversed*;

*judgment directed*; *further proceedings.*

*Catherine M. Spain*, for the appellant (defendant).

*Joseph R. Brennan-Reilly*, with whom, on the brief, was *C. Michael Budlong*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, Angham Zakko,[1] appeals from the judgment of the trial court, rendered following a hearing and report by an attorney fact finder, in favor of the plaintiff, Budlong & Budlong, LLC, on the plaintiff's complaint in the amount of $17,602.50. On appeal, the defendant claims that the court improperly (1) overruled her objection to the attorney fact finder's report because the court failed to review the evidence considered by the attorney fact finder, and (2) rendered judgment in accordance with the attorney fact finder's report because the report contained insufficient factual findings. We agree with both of the defendant's claims and, accordingly, reverse the judgment of the court.

The following facts and procedural history are relevant to our disposition of this appeal. On April 24, 2018, the plaintiff, a law firm, commenced this action seeking to collect unpaid fees for legal services it provided to its former client, the defendant. The plaintiff's three count complaint generally alleges that the defendant retained the plaintiff to represent her in a postjudgment dissolution proceeding. The complaint alleges that the parties executed a retainer agreement on December 2, 2016, and that the plaintiff provided the defendant with legal representation through approximately May 20, 2017. The complaint alleges that the defendant owes the plaintiff an unpaid balance of $17,201.04 for services rendered by the plaintiff. The counts in the complaint against the defendant assert breach of contract, unjust enrichment, and account stated. On May 18, 2018, the (then) self-represented defendant filed a form answer accompanied by a narrative "[e]xplanation and answers," in which she explains the history of the parties' relationship and alleges that the plaintiff overcharged her for the work it performed.

On August 22, 2019, the court, pursuant to Practice Book § 23-53,[2] issued an order referring the matter to an attorney fact finder.[3] On December 9, 2020, the parties participated in a hearing before an attorney fact finder.[4] At the hearing, the attorney for the plaintiff stated that "there were two exhibits that were stipulated to, one is the retainer agreement, and the other is just a bill for services . . . ." The attorney fact finder marked the retainer agreement as exhibit 1, and the bill for services as exhibit 2. The plaintiff then elicited testimony from the defendant regarding the parties' relationship and the purposes for her retention of the plaintiff. The defendant testified that she hired a private investigator who discovered that the defendant's ex-husband, Laith Kasir, had hidden $74,000 in assets during their marital dissolution proceedings. She testified that she retained the plaintiff to obtain her portion of those hidden assets, and that she signed the retainer agreement marked as exhibit 1. The defendant also testified that she later entered into a postjudgment stipulation

with respect to the hidden assets, which provided that she would receive the entire $74,000 of the hidden assets. The defendant finally testified that she received the bill for services provided by the plaintiff marked as exhibit 2; although she paid the plaintiff $13,000, it had been her "understanding . . . that ten thousand should take" her through the collection of her ex-husband's assets; and she has refused to pay the full amount claimed by the plaintiff "[b]ecause the bills are unrealistic."

The hearing before the attorney fact finder continued by way of the defendant's testimony in a narrative manner. The defendant testified that, following her divorce and before she retained the plaintiff, she had hired an investigator to discover assets she believed her ex-husband had hidden from her during the dissolution proceedings and, through that investigator, she had learned that her ex-husband had a retirement account with an approximate balance of $74,000. She stated that she confronted her "ex-husband's attorney, and they wanted to divide that asset." The defendant explained that she paid the plaintiff $10,000 "really to get [her] case resolved and get [her] rightful share" of her ex-husband's hidden assets as she believed there were more assets than the $74,000 her investigator had discovered. She testified that she had retained the plaintiff to discover other assets she believed her ex-husband had hidden but, instead, she was convinced by the plaintiff to settle for receiving the entire proceeds from the discovered account in lieu of conducting discovery to uncover further assets. She testified that Attorney Michael Budlong, an attorney employed by the plaintiff, overbilled her for meetings with her and was residing in Florida during the relevant time period. She further testified that the plaintiff improperly asked for $3000 in addition to the $10,000 she initially provided to resolve the case, that the stipulation she entered into to resolve the $74,000 in hidden assets failed to account for additional stocks her ex-husband possessed, and, thus, she later had to retain new counsel to obtain those additional hidden assets. The defendant also testified that the total amount charged by the plaintiff was approximately $33,000, of which she paid $13,000. She claimed that the $33,000 total charged by the plaintiff was disproportionate to the $35,000[5] of her ex-husband's assets that she actually received, taking into account the $4000 she independently paid to her investigator.[6]

On January 14, 2020, the attorney fact finder filed with the court a brief written report (report) finding in favor of the plaintiff. The entire report provides: "On December 9, 2019, the above captioned parties appeared for a hearing. The hearing was held and completed on that date. The following are the findings and conclusion of this fact finder.

"(1.) This is an action to recover attorney's fees. [The] plaintiff introduced two exhibits. Exhibit 1 is the retainer letter for this representation and Exhibit 2 is [the] plaintiff's bill for the services provided showing a balance due of $16,102.50 plus interest of $4675.54 for a total of $20,778.04.

"(2.) The defendant questioned whether the time charges were accurate and claimed that she was overcharged. Although the representation was successful in getting her some recovery of a portion of the funds in dispute. I would give the defendant a credit of $2500 on her claims of overcharging.

"Accordingly, I would grant the [plaintiff] . . . the amount of $13,602.50 in fees plus interest of $4000 for a total judgment of $17,602.50 in favor of the plaintiff."

On January 24, 2020, the defendant, pursuant to Practice Book § 23-57,[7] filed an objection to the attorney fact finder's report, raising eight claims of error, and she attached eight documents to her filing.[8] In her objection, the defendant argued: (1) the report was "not properly reached due to lack of evidence" because the attorney fact finder improperly excluded her proffered exhibits; (2) the report lacked evidence because the bill submitted by the plaintiff was fabricated as it included charges for motions that were filed prior to the plaintiff's retention; (3) the parties agreed that $10,000 was "sufficient to do the work"; (4) the plaintiff exhausted the $10,000 payment within the first eight days after its retention without completing any discovery, asset location, depositions, or a trial within those eight days; (5) Attorney Budlong was in Florida and the plaintiff neglected her case; (6) the attorney fact finder's finding that the " 'representation was successful' " was erroneous because she had to pay another attorney to obtain the full amount of her ex-husband's assets; (7) she retained the plaintiff to obtain her ex-husband's "$72,000" in hidden assets, but that she received a payment of only "$32,500"; and (8) the plaintiff improperly charged the defendant for the work she performed herself, including the investigation and location of the hidden assets. The defendant concluded her objection by stating that these eight grounds show that the report's statements, conclusions, and factual findings were not properly reached. The plaintiff did not file a written response to the defendant's objection.

On October 1, 2020, the court, pursuant to Practice Book § 23-58,[9] held a hearing on the defendant's objection. At the hearing, both parties initially presented argument as to the scope of the court's review of the report, the basis for the $2500 reduction in fees, and the several grammatical ambiguities in the report as to the amount of the judgment. The court preliminarily stated that it did not "have any basis to make a ruling on whether or not the [attorney] fact finder properly

excluded evidence or not," and that it did not "have a basis for understanding why [the decision to credit the defendant $2500] was made." The court, citing *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, 92 Conn. App. 394, 399, 885 A.2d 204 (2005) (*Banks*), also stated that "most of what I have to decide is whether or not I'm going to accept the [attorney] fact finder's report. I don't believe I can do that with—just with the technical aspects of what's been written here. The next opportunity is to reject the findings of fact and remand the case to the finder who originally heard the matter." The court further stated that it is "obligated to look at the entire record" and that it did not "have a record of what was said at the event itself, and I think I really need to look at that to figure out whether or not there was an evidentiary basis for the $2500 or if there was a basis for excluding evidence that was being offered by the [defendant]." The court concluded the hearing by indicating its intention to order and review the transcript of the hearing before the attorney fact finder to determine whether a remand to the attorney fact finder was necessary.

On October 19, 2020, the court issued a memorandum of decision in which it overruled the defendant's objection to the report. At the outset, the court noted that the retainer agreement and bill for services that were entered into evidence as exhibits 1 and 2 at the hearing before the attorney fact finder "are no longer in the clerk's possession; however, the court accepts the findings of the [attorney] fact finder, that there was a retainer agreement and a disputed balance owed, as agreed upon by the parties. The defendant's essential claim is that the plaintiff overbilled her for the services rendered." The court noted also that "[a] transcript of the [attorney] fact finder proceeding was made a court exhibit in this case," thereby implying that the court reviewed the transcript corresponding to the hearing before the attorney fact finder. The court concluded that, "although errors were made in preserving an accurate record of the evidence submitted by both parties, the decision of the [attorney] fact finder in favor of the plaintiff was well grounded in the law of contract and the evidence presented. Further, although the defendant had no defenses to the plaintiff's claim, the [attorney] fact finder nonetheless credited the defendant with $2500 in overcharges. During her testimony, for example, she identified instances where she had been billed excessively for actual time that was spent on her file. Absent a formally filed defense and based upon her general testimony of being overbilled, the court finds that the credit of $2500 is not clearly erroneous."[10] The court, in accordance with the report, rendered judgment in favor of the plaintiff in the amount of $17,602.50. This appeal followed.

On December 10, 2020, during the pendency of this appeal, the defendant filed a motion for articulation

representing that counsel for the plaintiff provided her with both exhibits 1 and 2, which were "missing" from the clerk's office. On the basis of this recent discovery, the defendant asked the trial court to articulate, inter alia, whether the court viewed exhibits 1 and 2 introduced at the hearing before the fact finder before it affirmed the report. On April 12, 2021, the court issued an articulation acknowledging that it had not viewed exhibits 1 and 2, which had been entered into evidence before the attorney fact finder, but were absent from the record on the court's review of the report.[11]

On appeal, the defendant claims that the court improperly (1) overruled her objection to the attorney fact finder's report because the court failed to review the evidence considered by the attorney fact finder, and (2) rendered judgment in accordance with the attorney fact finder's report because the report contained insufficient factual findings.

Because both of the defendant's claims challenge the actions taken by both the attorney fact finder and the court, we first outline the parameters of the attorney fact finder process and the applicable standards of review. Subject to certain conditions, a court may refer a matter to an attorney fact finder to hear and decide issues of fact in contract actions pending in the Superior Court when the amount in controversy is less than $50,000. See Practice Book § 23-53; see also General Statutes § 52-549n. An attorney fact finder shall proceed to determine the matter submitted to them, a record shall be made of the proceedings before the attorney fact finder, and the rules of evidence shall apply. See Practice Book § 23-55;[12] see also General Statutes § 52-549r. An attorney fact finder's report shall be in writing, state in separate and consecutively numbered paragraphs the facts found and the conclusions drawn therefrom, include the days the hearing took place, be signed by the attorney fact finder, and be filed with the clerk's office within 120 days of the completion of the hearing. See Practice Book §§ 19-8 and 23-56; see also General Statutes § 52-549r. Within fourteen days after the filing of the report, a party may file objections to the report on the grounds that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, that the fact finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted. See Practice Book § 23-57; see also General Statutes § 52-549s.

When presented with an objection to an attorney fact finder report, a trial court must hold a hearing on the objection. See Practice Book § 23-58; see also General Statutes § 52-549s. The trial court then has six discretionary options; it can "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who

originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate." Practice Book § 23-58; see also General Statutes § 52-549s.

When assessing the factual findings and legal conclusions of the attorney fact finder, the trial court is required to use different standards of review. The trial court is required to use the clearly erroneous standard of review to assess the attorney fact finder's factual findings. "The factual findings of [an attorney fact finder] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Shapero* v. *Mercede*, 262 Conn. 1, 6, 808 A.2d 666 (2002). As to any legal conclusions made by the attorney fact finder, the trial court, on review, is required to apply the plenary standard of review to assess the attorney fact finder's legal conclusions. "[B]ecause the attorney [fact finder] does not have the powers of a court and is simply a fact finder, [a]ny legal conclusions reached by an attorney [fact finder] have no conclusive effect. . . . The reviewing court is the effective arbiter of the law and the legal opinions of [an attorney fact finder], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." (Internal quotation marks omitted.) *Silver Hill Hospital, Inc.* v. *Kessler*, 200 Conn. App. 742, 747, 240 A.3d 740 (2020). With these principles in mind, we turn to the claims presented in this appeal.

I

The defendant first claims that the court improperly overruled her objection to the attorney fact finder's report because the court failed to review all of the evidence considered by the attorney fact finder. We agree.

We begin with the standard of review and legal principles relevant to the defendant's first claim. This claim requires us to determine whether the court employed the proper standard of review in assessing the fact finder's report and, thus, we exercise plenary review. See *Lewis* v. *Frazao Building Corp.*, 115 Conn. App. 324, 333, 972 A.2d 284 (2009) (applying plenary review

to claim as to "whether the court employed the proper standard of review in assessing the fact finder's report"); see also *State* v. *Manuel T.*, 337 Conn. 429, 453, 254 A.3d 278 (2020) (whether trial court applied proper legal standard is subject to plenary review on appeal). To the extent we are required to interpret the defendant's objection to the report, our review also is plenary. See *BNY Western Trust* v. *Roman*, 295 Conn. 194, 210, 990 A.2d 853 (2010) (interpretation of pleadings is question of law subject to plenary review).

In *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, supra, 92 Conn. App. 394, this court articulated the proper process for a trial court's review of an attorney fact finder's report. In *Banks*, the defendant claimed on appeal that the trial court improperly rendered judgment in accordance with the attorney fact finder's report without first holding a hearing on the defendant's objections. Id., 397. This court agreed with the defendant, holding that the "plain language" of Practice Book § 23-58 "indicates that if any objections to the report have been raised, the court, before deciding on one of the available courses of action, must take the mandatory prerequisite step of holding a hearing on the objections." Id., 398–99. Additionally, "[t]here is no per se requirement that a court review the transcripts of the hearing before the [attorney] fact finder prior to rendering judgment on the [attorney] fact finder's report. . . . When an objection raises the claim, however, that the facts found lack evidentiary support, *the court must review all of the evidence that was before the fact finder to make an informed disposition of the objection.*" (Citation omitted; emphasis added.) Id., 399; see also *Dartmoor Condominium Assn., Inc.* v. *Guarco*, 111 Conn. App. 566, 572–73, 960 A.2d 1076 (2008) (holding that trial court's in camera review of party's objection to attorney fact finder's report did not satisfy *Banks* standard).

Accordingly, a trial court must hold a hearing and assess all of the evidence necessary to consider properly the particular objections raised by a party to a report of an attorney fact finder. Particularly, where a trial court is presented with an objection challenging the factual findings of a report, it must review all the evidence before the attorney fact finder to determine whether those findings are clearly erroneous. See *Silver Hill Hospital, Inc.* v. *Kessler*, supra, 200 Conn. App. 746–47; see also *Sclafani Properties, LLC* v. *Sport-N-Life Distributing, LLC*, 198 Conn. App. 292, 301–302, 233 A.3d 1285 (2020). Where a trial court is presented with an objection challenging the attorney fact finder's exclusion of evidence at the hearing, it must necessarily review the exhibits that were excluded. See *Silver Hill Hospital, Inc.* v. *Kessler*, supra, 747; see also *Data-Flow Technologies, LLC* v. *Harte Nissan, Inc.*, 111 Conn. App. 118, 130–31, 958 A.2d 195 (2008). Where a trial court is presented with an objection challenging the

legal conclusions of a report, it must determine whether those conclusions are legally and logically correct and supported by the findings of fact in the report. See *Silver Hill Hospital, Inc.* v. *Kessler*, supra, 747.

As noted, the defendant's objection to the report made eight claims of error, specifically challenging the attorney fact finder's factual findings and resultant legal conclusions. The defendant challenged, inter alia, the amount that the parties' agreed to in the retainer agreement submitted as exhibit 1 at the attorney fact finder hearing, the propriety of the charges on the bill submitted as exhibit 2 at the attorney fact finder hearing, the evidentiary support for the finding that the plaintiff's "representation was successful," and the lack of correlation between the plaintiff's charges and the work actually performed. In reaching its conclusion to accept the attorney fact finder's report, however, the court did not examine the retainer agreement and the billing statement because they were not part of the record and, consequently, the court was in no position to determine the merits of the defendant's objection. Therefore, the court could not properly consider whether the parties had agreed to a capped fee in the retainer agreement or whether the plaintiff's billing statement accurately reflected the quantum of work performed on behalf of the defendant. In light of these circumstances, the court should have exercised its discretion to remand the case back to the attorney fact finder or to "take any other action the judicial authority may deem appropriate." Practice Book § 23-58 (a); see also General Statutes § 52-549s.

In response, the plaintiff argues that the court's failure to review the evidence before the fact finder was immaterial for two reasons. First, the plaintiff argues that "the defendant never raised a claim that the parties had agreed to a bargained for, capped fee of $10,000" before the attorney fact finder, and, second, the defendant's objection to the report was confined only to the attorney fact finder's improper exclusion of the exhibits that she had attempted to present to the attorney fact finder at the hearing. We reject the plaintiff's narrow construction of the defendant's arguments, which she made as a self-represented party before the attorney fact finder and the court.[13]

First, the nature of the defendant's objection to the attorney fact finder's report required the court to review both the retainer agreement and the billing record to properly and fairly assess the defendant's claims that the billing was excessive and the quantum of work claimed by the plaintiff did not correlate to the claimed time expended. Both of these claims implicate the accuracy and completeness of exhibits 1 and 2 that were presented to the attorney fact finder but were unavailable to the trial court. In the documents that the defendant submitted in response to the plaintiff's complaint,

the defendant raised both of these claims: that the billing was excessive and that counsel's performance had not been as promised. At the hearing before the attorney fact finder, the defendant repeatedly testified that the parties had agreed that her $10,000 payment was sufficient to take care of her case. All of this was adequate for the defendant to place the plaintiff and the attorney fact finder on notice of her capped fee claim.

Second, the defendant's objection was not limited to her claim regarding the attorney fact finder's improper exclusion of documents that she had sought to introduce as evidence before the attorney fact finder. As previously outlined, the defendant's objection to the report expressly made eight challenges to, inter alia, the amounts charged for the work performed by the plaintiff and the amount to which the parties agreed for the representation.

In sum, we reiterate that a court, on reviewing a report of an attorney fact finder, must assess all of the evidence that was presented to the attorney fact finder in order to properly consider objections challenging the report of an attorney fact finder. In our view and on the basis of this record, we conclude that the court could not adequately assess the defendant's objections without reviewing both exhibit 1, the retainer agreement, and exhibit 2, the billing record. Faced with the fact that these exhibits were missing from the record, it would have been appropriate for the court to remand the case to the attorney fact finder or to "take any other action the judicial authority may deem appropriate." Practice Book § 23-58 (a); see also General Statutes § 52-549s. In this case, as soon as the court determined that these documents, necessary to its review function, were missing from the record, it should have remanded the matter to the attorney fact finder for the purpose of completing the record and, then, with a complete record, the court could have conducted its review. Because that procedure did not take place, the matter must be remanded to the trial court.

## II

The defendant next claims that the court improperly affirmed the attorney fact finder's report because it contained insufficient factual findings to support its ultimate conclusion.[14] In support, the defendant argues that "[t]he sole 'fact found' in the entire report"—that the plaintiff's representation was successful—"is insufficient to sustain a legal conclusion that the [retainer agreement] was valid and enforceable for the amount billed . . . ." The plaintiff does not advance a substantive counterargument to support the report; rather, the plaintiff argues only that this court should decline to review this argument because the defendant failed to preserve it properly before the trial court. We conclude that the defendant's claim was properly preserved and that the court improperly affirmed the report.

We begin by setting forth the legal principles relevant to whether a claim properly was preserved for appellate review. "It is well settled that [o]ur case law and rules of practice generally limit [an appellate] court's review to issues that are distinctly raised at trial. . . . [O]nly in [the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *Chief Disciplinary Counsel* v. *Rozbicki*, 326 Conn. 686, 695, 167 A.3d 351 (2017), cert. denied, U.S. , 138 S. Ct. 2583, 201 L. Ed. 2d 295 (2018); see also Practice Book § 60-5 ("court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial"). "[T]he determination of whether a claim has been properly preserved will depend on a careful review of the record to ascertain whether the claim on appeal was articulated below with sufficient clarity to place the trial court [and the opposing party] on reasonable notice of that very same claim." (Internal quotation marks omitted.) *Alpha Beta Capital Partners*, *L.P.* v. *Pursuit Investment Management*, *LLC*, 193 Conn. App. 381, 455, 219 A.3d 801 (2019), cert. denied, 334 Conn. 911, 221 A.3d 446 (2020), and cert. denied, 334 Conn. 911, 221 A.3d 446 (2020). Furthermore, our interpretation of the defendant's pleadings is a question of law subject to plenary review. See *BNY Western Trust* v. *Roman*, supra, 295 Conn. 210. As stated herein, consistent with our policy of leniency to self-represented litigants, we construe the plaintiff's pleadings broadly and realistically, rather than narrowly and technically. See *Santana* v. *Commissioner of Correction*, 208 Conn. App. 460, 465, 264 A.3d 1056 (2021), cert. denied, 340 Conn. 920, 267 A.3d 857 (2022).

In her objection to the report, the defendant specifically claimed that the report's "conclusions" were not properly reached on the basis of eight separate grounds. At the hearing on her objection, the defendant, still a self-represented party, repeatedly advanced the same arguments that the report's conclusions were unsupported. At the hearing, the court itself acknowledged that the report was devoid of a basis for its conclusions and stated that it did not think that it could affirm the report "just with the technical aspects of what's been written here." We conclude from our broad review of the defendant's claims that she properly preserved her claim before the court that the conclusion by the report was unsupported by sufficient factual findings. We now turn to consider the claim on the merits.

We next outline our standard of review and the applicable legal principles to determine whether the court properly rendered judgment in accordance with the attorney fact finder's report. The trial court's determination to render judgment in accordance with the fact finder's report is a question of law subject to plenary review. See *Silver Hill Hospital, Inc.* v. *Kessler*, supra, 200 Conn. App. 747. "[O]ur review is limited to whether the trial court's legal conclusions are legally and logically correct and whether they find support in the facts set out in the memorandum of decision." Id., 751.

"When a matter is referred to [an attorney] fact finder, Practice Book § 23-56 (a) mandates that findings of fact be set forth in writing . . . . The fact finder's report shall state, in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom." (Internal quotation marks omitted.) *Data-Flow Technologies, LLC* v. *Harte Nissan, Inc.*, supra, 111 Conn. App. 127. "This court has repeatedly stated that it is the function of a finding to state facts and not evidence. . . . A finding that certain testimony was given does not establish the truth of the facts testified to. . . . A finding should state ultimate, not evidential, facts . . . ." (Citations omitted; internal quotation marks omitted.) *Post Road Iron Works, Inc.* v. *Lexington Development Group, Inc.*, 54 Conn. App. 534, 541, 736 A.2d 923 (1999). "In cases involving [attorney] fact finders . . . the report submitted to the trial court must include sufficient facts to support a recommendation. The court cannot appropriately render judgment in accordance with facts found but not communicated. . . . Although the referral of cases to fact finders is intended to create more streamlined access to justice, fact finders must take care with their responsibility of *finding facts* to which the courts may apply the law." (Citation omitted; emphasis in original.) *Data-Flow Technologies, LLC* v. *Harte Nissan, Inc.*, supra, 128–29. "We caution fact finders to avoid the confusion that comes from drawing conclusions without expressly finding each subordinate fact." Id., 129 n.8.

In *Post Road Iron Works, Inc.* v. *Lexington Development Group, Inc.*, supra, 54 Conn. App. 542, this court concluded that the trial court improperly affirmed the report of an attorney trial referee[15] because it contained insufficient factual findings. The relevant report was five pages, contained seven findings of fact, and had separate sections for discussion and recommendations. Id., 537. The defendants objected to the report on several grounds, but the trial court overruled the defendants' objection and accepted the attorney trial referee's report. Id., 538–40. On appeal, this court reversed the judgment of the trial court, reasoning that "the attorney trial referee made just seven findings of fact, one of which merely describes photographic evidence. In the discussion portion of his report, the attorney trial

referee summarizes the testimony of the witnesses without making findings of fact." Id., 541. This court further held that "the trial court drew inferences from the attorney trial referee's report and entered them as factual findings in its memorandum of decision. This, the trial court may not do. The trial court may accept an attorney trial referee's report only when the recommendation is supported by the attorney referee's subordinate findings of fact. We conclude, therefore, that the trial court improperly accepted the attorney trial referee's report." (Footnote omitted.) Id., 542; contra *Data-Flow Technologies, LLC* v. *Harte Nissan, Inc.*, supra, 111 Conn. App. 129 (holding that attorney fact finder's two reports cumulatively containing ten factual findings supplied "the bare minimum necessary for the court to render judgment appropriately").

The report in the present case falls below the bare minimum necessary for the court appropriately to render judgment. The report is only one-half page long and contains only one factual finding. In the first paragraph, the report identifies the date of the hearing. In the second paragraph, the report describes the two exhibits introduced by the plaintiff and states that the plaintiff's "bill for the services provided [showed] a balance due of $16,102.50 plus interest of $4,675.54 for a total of $20,778.04." In the third paragraph, the report states that "[t]he defendant questioned whether the time charges were accurate and claimed that she was overcharged," finds that "the representation was successful in getting her some recovery of a portion of the funds in dispute," and then concludes that the attorney fact finder "would give the defendant a credit of $2500 on her claims of overcharging." The report concludes by stating that the attorney fact finder grants "the [plaintiff] . . . the amount of $13,602.50 in fees plus interest of $4000 for a total judgment of $17,602.50 in favor of the plaintiff."

The report's conclusion that the defendant owes the plaintiff $17,602.50 is not supported by the sole factual finding that the plaintiff's representation was partially successful. The report's statement that exhibits were entered into evidence by the plaintiff does not constitute a finding as to the content of those documents. See *Post Road Iron Works, Inc.* v. *Lexington Development Group, Inc.*, supra, 54 Conn. App. 541. This minimal report by the attorney fact finder did not provide an adequate factual underlayment for the court's ultimate determination to accept it. Therefore, we conclude that the court improperly rendered judgment in accordance with the report because it was not supported by sufficient factual findings.

The judgment is reversed and the case is remanded with direction to render judgment rejecting the report and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The defendant was not represented by counsel for the entirety of the underlying action, including the proceedings before the attorney fact finder. The defendant is represented by counsel in this appeal.

[2] Practice Book § 23-53 provides in relevant part that "[t]he court, on its own motion, may refer to a fact finder any contract action pending in the Superior Court . . . . Such cases may be referred to a fact finder only after the pleadings have been closed, a certificate of closed pleadings has been filed, and the time prescribed for filing a jury trial claim has expired."

[3] The court's referral to the attorney fact finder was prompted by the plaintiff's August 22, 2019 caseflow request, which stated that "[a]t the last appearance, the parties agreed to utilize the [Connecticut Bar Association's] dispute resolution program however, the [Connecticut Bar Association] does not allow participation in said program if a lawsuit is already pending. [The] defendant has not responded to [the] plaintiff's request for consent."

[4] At the inception of the hearing, the attorney fact finder outlined a concern that the pleadings were not closed because the plaintiff had filed a motion to strike the defendant's answer, which was not decided at the time of the hearing. See Practice Book § 23-53 (prescribing that referral to attorney fact finder can occur "only after the pleadings have been closed"). This issue was not affirmatively resolved on the record before the attorney fact finder and was not presented as an issue before the trial court.

[5] There is no explanation in the record for the mathematical discrepancy between the slightly differing sums the defendant claimed she received from her ex-husband, and the slightly differing amounts representing the hidden assets she claimed her investigator had found for which she settled while represented by the plaintiff.

[6] At the conclusion of the hearing before the attorney fact finder, the defendant attempted to introduce into evidence a series of e-mails between the parties, a report of the private investigator, and other documents to support her defenses. The plaintiff objected to all of these exhibits as inadmissible on the grounds of hearsay, relevancy, and as communications regarding a settlement negotiation. The attorney fact finder sustained all of the plaintiff's objections to these exhibits. In her objection to the report, the defendant claimed that it was error for the attorney fact finder not to have admitted those exhibits into evidence. Notwithstanding, the trial court stated in its decision that it had reviewed certain of the defendant's documents as part of its assessment of the report, and the court concluded that "whether admitted or excluded . . . [these exhibits do] not constitute a legal defense to the plaintiff's claim." On appeal to this court, the defendant makes no specific claim in regard to this set of exhibits.

[7] Practice Book § 23-57 (a) provides: "A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted."

[8] Although the court discussed certain of these documents in its decision, the defendant has not specifically raised any issue regarding the court's treatment of these documents on appeal. Accordingly, they warrant no further discussion.

[9] Practice Book § 23-58 provides: "(a) After review of the finding of facts and hearing on any objections thereto, the judicial authority may take the following action: (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate.

"(b) The judicial authority may correct a finding of facts at any time before accepting it, upon the written stipulation of the parties.

"(c) The fact finder shall not be called as a witness, nor shall the decision of the fact finder be admitted into evidence at another proceeding ordered by a judicial authority."

[10] In contrast to the court's statements, the defendant did file a formal defense to the plaintiff's complaint by way of her answer, and the plaintiff never objected to the attorney fact finder's report seeking to challenge the $2500 credit provided to the defendant.

[11] On December 11, 2020, the defendant filed a motion for rectification,

pursuant to Practice Book § 66-5, seeking that the court include in the record for appeal "the missing plaintiff's exhibits 1 and 2 so that they are made part of the court file." On April 12, 2021, the court issued a rectification stating that, "[a]lthough exhibits 1 and 2 were accepted into evidence at [the attorney] fact finder hearing, they were not found in the court's file at the time of the appeal. In reviewing the evidence folder for this matter on April 8, 2021, the court concludes that they are either no longer in the court's possession or have been improvidently misfiled. In light of this circumstance, the court has no objection to the rectification of the court's file to include exhibits 1 and 2." The court then conditioned its rectification on the agreement of the parties, stating that "[t]he parties appear to agree that the submitted documents are accurate copies of the exhibits, as filed with the fact finder. If this is incorrect, either party may seek a hearing to establish the fact that these documents are accurate copies of exhibits 1 and 2." Neither party has sought such a hearing with the trial court. We offer no opinion on this process except to note generally that a motion for rectification "*cannot be used to add new matters to the record that were not presented at trial.*" (Emphasis added; internal quotation marks omitted.) *State* v. *Walker*, 319 Conn. 668, 680, 126 A.3d 1087 (2015).

[12] Practice Book § 23-55 was amended, effective January 1, 2021, to replace the phrase "civil rules of evidence" with the phrase "Connecticut Code of Evidence." This technical change has no bearing on our analysis.

[13] Consistent with our policy of leniency to self-represented litigants, we construe the defendant's arguments and objection, which she made as a self-represented party, broadly and realistically, rather than narrowly and technically. See *Santana* v. *Commissioner of Correction*, 208 Conn. App. 460, 465, 264 A.3d 1056 (2021), cert. denied, 340 Conn. 920, 267 A.3d 857 (2022).

[14] Although our resolution of the defendant's first claim is dispositive of this appeal, we also address the defendant's second claim because it is likely to arise on remand. See, e.g., *State* v. *Raynor*, 337 Conn. 527, 552, 254 A.3d 874 (2020) (addressing "the defendant's second claim because it is likely to arise on remand"); *State* v. *Lebrick*, 334 Conn. 492, 521, 223 A.3d 333 (2020) (addressing "the merits of the defendant's second claim . . . because it is likely to arise on remand"); *Sullivan* v. *Metro-North Commuter Railroad Co.*, 292 Conn. 150, 164 n.8, 971 A.2d 676 (2009) ("[w]e think it prudent to address the second issue because it is likely to arise on remand").

[15] For purposes of our review, there is no material distinction between an attorney fact finder and an attorney trial referee as both "share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) *Killion* v. *Davis*, 257 Conn. 98, 102, 776 A.2d 456 (2001).